FILED

APR 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD M. GUTIERREZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>WELLS FARGO BANK, NA, DBA Wells Fargo Home Mortgage, Inc. And WELLS FARGO REAL ESTATE TAX SERVICES, LLC,<br><br>        Defendants - Appellees. | No. 12-17271<br><br>D.C. No. 3:12-cv-01135-SI<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Ronald Gutierrez appeals the district court's dismissal of his action for

failure to state a claim. His claims turn on language contained in a Settlement Cost

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Booklet mandated by Department of Housing and Urban Development regulations and provided to him by Wells Fargo. The facts are known to the parties and will not be repeated here.

The district court did not err when it concluded that Gutierrez failed to allege adequately that Wells Fargo's practices were contrary to the Booklet's language. The Booklet provides that the tax service fee "covers the cost of your lender engaging a third party to monitor and handle the payment of your property tax bills." It explains that "[t]his is done to ensure that your tax payments are made on time and to prevent tax liens from occurring." It also states that the tax service fee is "paid to a tax service provider for information on the real estate property tax." Gutierrez urges that Wells Fargo did not actually provide tax services because he paid his own property taxes in lieu of Wells Fargo maintaining an escrow account to pay those taxes.

Gutierrez's allegations regarding Wells Fargo's business practices do not plausibly state a claim for relief. Gutierrez does not dispute that Wells Fargo monitors tax payments by borrowers who do not have escrow accounts to ensure that property tax payments are made on time and to prevent liens from occurring. His only contention is that Wells Fargo is required to do more than monitoring and verification if the services it provides are to be considered a "tax service." We

2

conclude that the district court did not err when it held that Wells Fargo's practices are consistent with the Settlement Cost Booklet's unambiguous definition of the tax service fee.[1]

Because all of Gutierrez's claims turn on the construction of the Settlement Cost Booklet and he has not adequately alleged that Wells Fargo's practices contravene the language of the Settlement Cost Booklet, the district court properly dismissed his claims. *See Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (affirming dismissal of Unfair Competition Law and related claims where plaintiff failed to show documents provided to him were untrue or misleading).

**AFFIRMED**.

---

[1] Wells Fargo's request in its brief that the court take judicial notice of Gutierrez's deed of trust and its Motion for Judicial Notice requesting the court take judicial notice of an excerpt from Freddie Mac's Family Servicing Guidelines are hereby denied as moot.



*Gutierrez v. Wells Fargo*, No. 12-17271

N.R. SMITH, Circuit Judge, concurring in the judgment:

On appeal, when reviewing a district court's order granting a motion to dismiss, all allegations of material fact in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In his complaint, Gutierrez alleged that the definition of "tax service fee" in the Settlement Cost Booklet did not permit Wells Fargo to charge him a fee connected to the payment of property taxes. In its motion to dismiss, Wells Fargo asserted that its practices complied with its interpretation of the definition of "tax service fee."

In making its decision, the majority improperly accepts Wells Fargo's arguments and declares that Wells Fargo has acted in accordance with its interpretations of whatever obligations the "tax service fee" provision imposes upon it. It cites no precedent defining the term "tax service fee." It engages in no statutory construction of alleged statues or regulations nor any interpretation of alleged contractual terms. On this limited record and considering our role at the motion to dismiss phase, the majority offers no reason that Wells Fargo's interpretation of the Settlement Cost Booklet is correct as a matter of law. Applying the standard of review for a motion to dismiss, Gutierrez's interpretation is more than equally plausible.

The district court took the reasoned approach to the resolution of this case. Gutierrez cites no authority for the proposition that the Settlement Cost Booklet controls Wells Fargo's conduct. Gutierrez has never articulated a legal theory as to why Wells Fargo's practices must comply with the definition of "tax service fee" in the Settlement Cost Booklet. Gutierrez abandoned his breach of contract claim on appeal, so he cannot argue that the Settlement Cost Booklet became part of his contract with Wells Fargo. Gutierrez has not alleged that Wells Fargo's conduct was illegal. Instead, Gutierrez's complaint assumes that the Settlement Cost Booklet is legally binding on Wells Fargo, as if it were a binding regulation of the Real Estate Settlement Procedures Act. However, the Act's governing regulations specifically disclaim any regulatory role for the Settlement Cost Booklet. *See* 24 C.F.R. § 3500.4(a)(2) (stating the regulations under the governing statute "shall not include the special information booklet prescribed by the Secretary").[1] Therefore, Gutierrez failed to state a plausible claim for relief, and the district court did not err when it dismissed Gutierrez's complaint.

---

[1]This provision has since been recodified at 12 C.F.R. § 1024.4.